### PIERSON v. BECK.
### Patent Appeal No. 2340.

Court of Customs of Patent Appeals.

May 28, 1930.

Eakin & Avery, of Akron, Ohio (Parker Dodge, of Washington, D. C., of counsel), for appellant.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich. (Clarence B. Zewadski, of Detroit, Mich., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals reversing the decision of the Examiner of Interferences awarding priority of invention to appellant, Robert M. Pierson.

The invention relates to a door-check specially adapted for use on automobile doors. It is sufficiently described in the count of the issue, which reads:

"The combination with a swinging door and its frame of a flexible, resilient link connecting said door and frame and adapted to attain a condition of initial strain when the door has reached a relatively-wide opening, said link being essentially composed of vulcanized soft rubber compound."

Appellant, the senior party, filed his application for a patent on August 2, 1923.

Appellee filed his application on March 3, 1924.

Appellant moved to dissolve the interference on the ground that appellee could not make the claim in issue. The motion was denied by the Law Examiner.

In his preliminary statement, appellee alleged that he conceived the invention on or about December 5, 1921; that on or about December 6, 1921, he made and attached the device in issue to an automobile and successfully operated it; that he disclosed the invention to others on or about December 10, 1921; and that on or about March 1, 1922, he made drawings of the invention and a mold for the device, and immediately thereafter manufactured and successfully operated many of the involved devices.

As appellant submitted no evidence, he is restricted to his filing date—August 2, 1923—for conception and constructive reduction to practice.

Appellee submitted considerable evidence in an effort to establish conception and actual reduction to practice prior to appellant's filing date.

The Examiner of Interferences held that Beck's disclosure supported the count in issue. However, he awarded priority of invention to Pierson on the ground that, although Beck had established prior conception, he had failed to show an actual reduction to practice and was lacking in diligence from August 2, 1923, Pierson's filing date, to March 3, 1924, when his application was filed.

On appeal by Beck, the Board of Appeals sustained the Examiner of Interferences with respect to his holding that Beck's disclosure supported the count in issue, and that he was the first to conceive the invention. However, it held that the evidence submitted by Beck was sufficient to establish that he had reduced the invention to practice long prior to Pierson's filing date, and that, therefore, he was entitled to an award of priority.

It is contended by appellant that the tribunals below were in error in holding that appellee's disclosure supported the count in issue. In support of this contention it is argued by counsel for appellant that appellee's application does not disclose a door-check "adapted to attain a condition of initial strain when the door has reached a relatively-wide opening," as provided in the count in issue, but, on the contrary, "what he shows and describes is *consistent with the supposition* that he intended to portray that species of door-check *which is put under initial strain from the beginning of the door-opening movement and acts throughout that movement,* instead of during only a portion thereof, to impose a yielding resistance to the opening of the door." (Italics ours.) It is further argued that Exhibit No. 1, introduced in evidence by appellee, consisting of a molded rubber door-check with metal brackets at the ends for attaching it to the door and frame of an automobile, "is not in itself an embodiment of the issue."

In appellee's specification it is said:

"This invention relates to door checks such as are used for limiting the opening of doors of motor vehicles and consists of certain novel features of construction and combination of parts as hereinafter set forth."

* * *

"For checking the outward swinging movement of the door. * * *

"From the foregoing description it will be readily apparent that I have provided a strong and durable and yet simple and inexpensive device that may be easily and quickly installed for yieldably and gradually checking the movement of doors, gates, windows and the like so that the ordinary shocks and jars due to the sudden checking of such elements is obviated entirely."

We agree with the views of the tribunals below, as expressed by the Board of Appeals, that "there is nothing in the description to warrant the holding that Beck's strap is a door closer and [designed] for the purpose of closing the door or keeping the door closed"; and that Beck's disclosure supports the count in issue.

Each of the tribunals of the Patent Office has exhaustively considered the evidence in the record, much of it being set out in the decisions. Accordingly, we deem it unnecessary to set it out here, or to discuss it at length. With regard to the question of whether appellee, Beck, reduced the invention to practice prior to his filing date, the Examiner of Interferences and the Board of Appeals have reached different conclusions.

The record clearly supports the conclusion that Beck was the first to conceive the invention.

Furthermore, it appears from the record that Exhibit No. 1 and other door-checks like it were successfully used by appellee on various automobiles from the latter part of the year 1921 to a date later than June, 1923.

In concluding its decision, the Board of Appeals has concisely stated our views of the evidence with regard to the question of Beck's reduction to practice prior to the filing date of appellant's application. We quote:

"We are unable to agree with the examiner of interferences that the tests of the hand-made door check and the molded check, Exhibit 1, were not sufficiently satisfactory to constitute a reduction to practice. Exhibit 1 was submitted to extensive tests on several cars. It embodies the issue and it appears to have stood up well. The examiner of interferences held that Beck's conduct in attempting to improve the device of Exhibit 1 shows he was not satisfied with it. Even so, this does not necessarily negative reduction to practice. To constitute a reduction to practice it is not necessary that the device be perfect or a commercial success. In most every art the pioneer invention is a crude affair which, while operative with sufficient success to constitute a reduction to practice, is capable of infinite improvement.

"In view of this conclusion that Beck had an actual reduction to practice prior to Pierson's filing date, it is unnecessary to consider whether Beck was diligent at the time of Pierson's filing date and subsequently thereto."

For the reasons stated, the decision is affirmed.

Affirmed.